DECISION
Plaintiff, Roland Lavoie ("plaintiff"), seeks to compel production of statements of the Defendant, Nancy Pelligrino (defendant"), taken by an insurance claims adjuster. The Court heard argument, and reviewed the memoranda filed herein.
At hearing, the Court allowed each party with additional time to brief the issue. The parties' submitted supplemental memoranda. Neither party requested an evidentiary hearing.
In plaintiff's memorandum, counsel discusses the problems at defendant's deposition. Defendant could not recall how close she was following the car in front of her, the location of cars in the other lanes, whether she saw plaintiff's vehicle before her vehicle rear-ended it, and other facts. As she gave three statements to her insurer within a week of the collision and three more statements within the first year, they are likely to provide more facts and refresh defendant's recollection.
The defendant's first argument is that production of the file is unnecessary because: *Page 2 
 Given that Ms. Pellegrino received notice that the plaintiff, Mr. Lavoie had retained counsel only two or three weeks after the accident and given that her recorded statement was taken by a representative of American Commerce Insurance Company on February 15, 2005 — Four and a half months after the subject accident — Defendant has refused to produce the statements . . . (Defendant's memorandum of October 29, 2008, page 2.)
Even though plaintiff already retained counsel, he did not necessarily have access to all of the information which the opposing party had. Plaintiff seeks defendant's description of the collision and the surrounding events. For that, the statements provided shortly after the collision are likely to be more descriptive and helpful. Oddly, defendant's counsel has access to these statements; but doesnot argue that the recorded statements fail to provide the information plaintiff now seeks.
The interim order of November 18, 2008 allowed defendant's counsel to establish that the statements were prepared in anticipation of litigation, but counsel made no additional showing. Instead, defendant posited two new arguments:
 • That plaintiff could not show a hardship;
 • That the requested information is protected as work product.
It is true that plaintiff cannot establish a hardship, but that is not of his own accord. He cannot show the information is unavailable elsewhere because he does not know the content of the statements. Plaintiff has demonstrated his significant need for more information, and the likelihood that the information is only in the statements.
Regarding the work product protection, a recent Rhode Island Supreme Court case provides clear guidance:
 We therefore hold that the clear language in the second sentence of [R.C.P. 26] subdivision (b)(3) requires that a court protect all core or opinion work product of an attorney, whether or not shared with an expert. *Page 3 
We believe that this command to courts, that they "shall protect" opinion work product, was intended to apply to all discovery requests of materials prepared in anticipation of litigation because of the admonition's location in the general portion of Rule 26 applying to all discovery. See Rule 26(b)(3).
 On the other hand, most factual or ordinary work product prepared in anticipation of litigation is discoverable according to the first sentence of subdivision (b)(3), that is, only if the opposing party shows "substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means." Super. R. Civ. P. Rule 26(b)(3) Because the first sentence of subdivision (b)(3) is made "[s]ubject to the provisions of subdivision (b)(4)," however, factual work product exchanged between a testifying exert and an attorney does not have to meet the substantial need/undue hardship standard, and is instead fully discoverable in accordance with subdivision (b)(4). See Rule 26 (b)(3)-(4). In addition, we adopt the Bogosian [Bogosian v. Gulf Oil Corp., 738 F. 2d 587 (3d Cir. 1984)] court's admonition that redaction sometimes will be necessary when a particular item contains both types of work product to ensure that opinion work product is fully protected, while factual work product underlying an expert's opinion is fully disclosed. See Bogosian, 738 F.2d at 595. Crowe Countryside Realty Associates, Co., LLC v. Novare Engineers, Inc. 891 A.2d 838, 847-848
(R.I. 2006).
The statements to the insurance adjuster are not attorney core or opinion work, but are factual work product. They are not the attorneys'"own conclusions or theories", Crowe at 847. They are not an experts' conclusion or work product. They are statements of a fact witness, namely, the defendant.
Still, to attempt to preserve any potential attorney-client privilege or work product protection, the Court will complete an in camera review of the documents prior to their release to plaintiff. Accordingly, the defendant shall produce a photocopy of all of the documents to the trial justice for an in camera review. If no privilege or opinion work product protection is evident elsewhere, the statements to the claims adjusters may be disclosed to plaintiff. To that extent, Mr. Lavoie's motion is granted.